## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DARREN LAMONT WILLIAMS,** | ) | |
| **Individually, and on behalf of himself** | ) | |
| **and others similarly situated,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-00900** |
| | ) | **Judge Aleta A. Trauger** |
| **CINCINNATI LUBES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court is the Motion to Dismiss Opt-In Plaintiff Daria Morgendorffer Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction (Doc. No. 15), filed by defendant Cincinnati Lubes, Inc. ("CLI"). For the reasons set forth herein, the motion will be granted, and Morgendorffer's claims will be dismissed.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Darren Williams initiated this lawsuit in August 2023 by filing a Complaint, individually and on behalf of others similarly situated, asserting a claim under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages and seeking damages in the form of unpaid compensation, liquidated damages, and attorney fees. (Doc. No. 1.) In support of his claim, Williams alleges, as relevant here, that defendant CLI is a Florida limited liability company whose

---

[1] The court has not yet ruled on the plaintiff's pending Motion to Facilitate Notice of an FLSA Collective Action. (Doc. No. 19.) However, "[o]nce they file a written consent, opt-in plaintiffs enjoy party status as if they had initiated the action." *Canaday v. Anthem Cos.*, 9 F.4th 392, 394 (6th Cir. 2021). The granting of the Motion to Dismiss forecloses Morgendorffer's ability to join in this action irrespective of how the court rules on the Motion to Facilitate Notice.

principal place of business is in Raleigh, North Carolina and that CLI owns and operates Jiffy Lube oil change shops in Tennessee and "other states across the U.S." (*Id.* ¶¶ 4, 11.) The Complaint sets forth additional facts about CLI, indicating that it is subject to the FLSA. In addition, Williams alleges that he was "employed by Defendant to perform work in this district," thus implying that Williams worked at a Jiffy Lube store somewhere within the geographic region covered by the Middle District of Tennessee and that he has been a "full-time, hourly-paid employee of Defendant at all times material to this lawsuit."[2] (*Id.* ¶¶ 1, 3.) He claims that CLI has a "common plan, policy and practice of requiring . . . Plaintiff and potential plaintiffs to this action to continue working after clocking-out of Defendant's time keeping system at the end of their shifts" and "to continue working during unpaid meal periods, without being compensated for such 'off the clock' work at the applicable FLSA overtime compensation rate of pay within weekly pay periods during all times relevant herein." (*Id.* ¶¶ 15, 16.) Along with the Complaint, Williams also filed his Consent to Join as Named Representative, in which he expressly states that he has been employed by CLI "during the past three years," consents to join this lawsuit as a "Named Representative Plaintiff," and authorizes the prosecution of this lawsuit in his name and on his behalf as the named representative plaintiff. (Doc. No. 1-1)

In April 2024, nearly eight months after filing suit, Williams filed a Consent to Join by putative opt-in plaintiff Daria Morgendorffer. (Doc. No. 14.) This Consent states that Morgendorffer has been "employed by Defendant as an hourly paid employee within the past 3 years" and that she consents to "join this or any subsequent action against the Defendant[] as an Opt-in Plaintiff to assert claims for violation of the FLSA." (*Id.* ¶¶ 1, 2.) Morgendorffer does not

---

[2] Williams does not actually allege that he resides in Tennessee, only that he works for the defendant in Tennessee.

actually allege her citizenship or residency; nor does she identify in what state she was employed by CLI.

CLI responded to Morgendorffer's Consent to Join by filing its Motion to Dismiss, supported by a Memorandum of law and the Declaration of Michael D. Davis, the Vice President and Chief Financial Officer ("CFO") of Lucor, Inc., the corporate parent of CLI. (Doc. Nos. 16, 16-1.) According to Davis, CLI is a Florida corporation (not a limited liability company) whose principal place of business is in Raleigh, North Carolina. According to Davis, Lucor and CLI formerly owned and operated Jiffy Lube stores but sold them to Premium Velocity Auto, LLC ("PVA"), an unaffiliated entity, in December 2022. (Davis Decl. ¶ 5.)

Based on business records maintained by Lucor, of which he has custody in his role as Lucor's Vice President and CFO, Davis further attests that, prior to that sale, Williams worked as a Customer Services Advisor at a Jiffy Lube store in Nashville, Tennessee, and Morgendorffer worked exclusively as a Customer Service Advisor at a single Jiffy Lube store in Cincinnati, Ohio. (*Id.* ¶¶ 6, 7.) Morgendorffer's last known residential address, as of December 14, 2022 when the store at which she worked was sold to PVA, was in Cincinnati, Ohio. (*Id.* ¶ 7.) According to Lucor's records, Morgendorffer never worked at a Jiffy Lube store in Tennessee; she was not paid in or from Tennessee; and neither Lucor nor CLI performed any corporate payroll or policy-setting function in Tennessee that affected hourly workers like Morgendorffer. (*Id.* ¶ 8.) Instead, all significant business and operational decisions for Lucor and all of its subsidiaries, including CLI, were made at corporate headquarters in Raleigh, North Carolina. (*Id.*)

Citing *Canaday v. Anthem Companies*, 9 F.4th 392 (6th Cir. 2021), CLI argues under Rule 12(b)(2) that this court lacks either specific or general personal jurisdiction over it in Tennessee for purposes of claims brought by Morgendorffer, an out-of-state plaintiff who was employed and

Ohio and had no relevant contact with Tennessee or with the defendant's stores, managers, or operations in Tennessee. (Doc. No. 16.)

In his Response, the plaintiff argues that the Supreme Court's decision in *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023), requires the conclusion that this court "has general jurisdiction over the claims of out-of-state opt-in plaintiffs." (Doc. No. 17, at 3.) The defendant filed a Reply in which it argues that this case is distinguishable on the facts from *Mallory*, which relied on the wording of a particular Pennsylvania statute, and that the plaintiff has no relevant precedent to support the application of *Mallory* here.

## II.    LEGAL STANDARD—RULE 12(B)(2)

A defendant may move under Rule 12(b)(2) to dismiss a complaint for lack of personal jurisdiction. Fed R. Civ. P. 12(b)(2). "Personal jurisdiction is '[a]n essential element of the jurisdiction of a district . . . court' and without personal jurisdiction the court is 'powerless to proceed to an adjudication.'" *Mgmt. Registry, Inc. v. Cloud Consulting Partners, Inc.*, No. 3:19-CV-00340-JHM, 2019 WL 4478860, at *3 (W.D. Ky. Sept. 18, 2019) (quoting *Emp'rs Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). In order to defeat a motion to dismiss under Rule 12(b)(2), the plaintiff must make a *prima facie* showing that the court has personal jurisdiction. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012). The court must consider the pleadings in the light most favorable to the plaintiff but also must consider any undisputed factual assertions by the defendant. *Id.*

## III.    DISCUSSION

As the Sixth Circuit recognized in *Canaday*, the FLSA does not include a "nationwide service of process provision . . . that could permit claimants to sue a defendant in any of the 94 federal district courts in the country." 9 F.4th at 395–96. Accordingly, because Tennessee's long-arm statute authorizes courts within the state to exercise personal jurisdiction "[o]n any basis not

inconsistent with the constitution of . . . the United States," the plaintiff here must establish that the court has either specific or general jurisdiction over CLI for purposes of Morgendorffer's claim. *Id.* (quoting Tenn. Code Ann. § 20-2-225). The plaintiff here does not allege that specific jurisdiction exists; he specifically asserts that the court may exercise general jurisdiction over CLI, relying on *Mallory*.

Historically, based on *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), it has long been accepted that a corporation is subject to general jurisdiction only in the state of its incorporation and in the state where its corporate headquarters is located. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)*)*. And the Sixth Circuit has expressly held that the "mere designation of an agent in compliance with the service-of-process statute does not automatically eliminate the requirement of minimum contacts to establish personal jurisdiction." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993); *see Relyant Glob., LLC v. Gibraltar-Caddell*, No. 3:22-CV-183, 2023 WL 3267757, at *3 (E.D. Tenn. Mar. 31, 2023) (holding that "the weight of authority and binding Sixth Circuit precedent require the Court to find that standing alone, the designation of an agent for service of process [in Tennessee] is not enough to confer personal jurisdiction on the Court.").

The plaintiff argues that, following *Mallory*, that presumption is no longer valid. In *Mallory*, the Court was called upon to decide "whether the Due Process Clause of the Fourteenth Amendment prohibits a State from requiring an out-of-state corporation to consent to personal jurisdiction to do business there." *Mallory*, 600 U.S. at 127. At issue was a Pennsylvania statute that requires out-of-state corporations to register with the state and, by doing so, to consent to general personal jurisdiction within the state. *Id.* at 134. The Supreme Court described the statutory scheme as follows:

> [T]he Pennsylvania law at issue here provides that an out-of-state corporation "may not do business in this Commonwealth until it registers with" the Department of State. 15 Pa. Cons. Stat. § 411(a). As part of the registration process, a corporation must identify an 'office' it will "continuously maintain" in the Commonwealth. § 411(f); *see also* § 412(a)(5). Upon completing these requirements, the corporation "shall enjoy the same rights and privileges as a domestic entity and shall be subject to the same liabilities, restrictions, duties and penalties . . . imposed on domestic entities." § 402(d). Among other things, Pennsylvania law is *explicit that "qualification as a foreign corporation" shall permit state courts to "exercise general personal jurisdiction" over a registered foreign corporation*, just as they can over domestic corporations. 42 Pa. Cons. Stat. § 5301(a)(2)(i).

*Id.* at 134 (emphasis added). The Court ultimately held that "personal jurisdiction is a *personal* defense that may be waived or forfeited" and that the defendant corporation had done just that by completing the registration process in Pennsylvania, thereby consenting to general jurisdiction. *Id.* 144–46 (emphasis in original). However, the Court did not contemplate what the result would have been had the statute had been worded differently. *See id.* at 135 ("To decide this case, we need not speculate whether any other statutory scheme and set of facts would suffice to establish consent to suit."). Nor did it hold that the mere designation of an agent for service of process constitutes consent to the exercise of general jurisdiction.

Following *Mallory*, the Supreme Court of Tennessee has not expressly considered whether Tennessee law subjects registered foreign corporations to general personal jurisdiction, but it has suggested, in *dictum*, that it would not. In *Baskin v. Pierce & Allred Construction, Inc.*, 676 S.W.3d 554 (Tenn. 2023), the only question presented to the court was whether it had *specific* jurisdiction over an out-of-state corporation. In a footnote, the court acknowledged *Mallory* but declined to address its impact because the plaintiff did not argue that the defendant was subject to general jurisdiction in Tennessee. *Id.* at 568 n.14. The court noted, however, that "[o]f critical importance in the jurisdictional analysis in *Mallory*" was the fact that the corporate defendant had registered to do business in Pennsylvania with "full notice" of the Pennsylvania statute explicitly providing

that "'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." *Id.* (quoting Mallory, 600 U.S. at 134). The court observed that Tennessee law contains no analog to the Pennsylvania requirement. *Id.*

And at least one Tennessee district court has expressly concluded that the holding in *Mallory* does not apply to Tennessee. *Pritchard v. Thompson*, No. 22-cv-2838-JPM-tmp, 2023 WL 5817658, at *6 (W.D. Tenn. Aug. 3, 2023), *report and recommendation adopted*, No. No. 2:22-cv-02838-JPM-tmp, 2023 WL 5746922 (W.D. Tenn. Sept. 6, 2023). As the magistrate judge stated there:

> *Mallory* is not conclusive on the question of whether the [the court can] exercise personal jurisdiction over [the out-of-state defendant]. Unlike the Pennsylvania registration statute, Tennessee's analogous law contains no language expressly affirming the corporation's consent to general jurisdiction. . . .
>
> Given the lack of explicit language in the Tennessee statute stating that registration of a foreign corporation constitutes consent to the exercise general personal jurisdiction, the undersigned finds that this case is distinguishable from *Mallory*.

*Id.* at *6 (citing Tenn. Code Ann. §§ 48-25-101(a), 48-25-107)). This court adopts that conclusion here as well.

In short, under *International Shoe* and other governing precedent from the Supreme Court and the Sixth Circuit, a court sitting in Tennessee may exercise general personal jurisdiction over a corporation that is incorporated or headquartered here. *Canaday*, 9 F.4th at 396 (citing *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017)). CLI is incorporated in Florida and headquartered in North Carolina and, therefore, does not meet either requirement. For purposes of claims brought against it by out-of-state opt-in plaintiffs bringing FLSA claims, the court lacks personal jurisdiction over CLI.

IV.     **CONCLUSION**

For the reasons explained above, the Motion to Dismiss Opt-In Plaintiff Daria Morgendorffer Pursuant to Rule 12(b)(2) for Lack of Personal Jurisdiction (Doc. No. 15) will be granted. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge